UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT DAVID NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:13-cv-188-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

As noted in the Entry issued on July 9, 2013, because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court is obligated pursuant to 28 U.S.C. § 1915A(b) to dismiss any legally insufficient claim(s) in the complaint. *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

**II.**

**A.**

Also as noted in the Entry of July 9, 2013, the plaintiff has brought this action pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(6), 2680. The proper defendant in such an action is the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Nonetheless, his allegations suffer from multiple deficiencies.

**B.**

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797,

803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, the complaint consists of conclusory allegations which do not support a plausible claim for relief.

## C.

The gravamen of the complaint is that the United States, through employees of the Federal Bureau of Prisons ("BOP"), have breached a contract to which the plaintiff is a party. He seeks damages in excess of $10,000.00.

There is a disconnect between a breach of contract claim and the FTCA. See *Rose Acre Farms, Inc. v. Madigan,* 956 F.2d 670, 673 (7th Cir. 1992) (Court of Federal Claims has exclusive jurisdiction over claims against government for contract damages exceeding $10,000); *Woodbury v. United States,* 313 F.2d 291, 296 (9th Cir. 1963) (holding that when an "action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the [FTCA]").

## D.

Based on the FTCA, the federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where

the act or omission occurred." 28 U.S.C. § 1346(b)(1). The complaint does allege tortious conduct—but identifies it only as the breach of a contract. The character of the tortious conduct, moreover, is described as the "trespass upon [the plaintiff's] constitutional rights" and "the ongoing constitutional violations and irreparable harm . . . ."

It is clear that the FTCA does not waive immunity for constitutional torts. *FDIC v. Meyer,* 510 U.S. 471, 486 (1994). Consequently, constitutional torts are not cognizable under the FTCA. *Id.* at 477.

### E.

The contract to which the plaintiff refers in his complaint and on which his claims are based is described as have been entered into between himself and an alias of himself, David Nelson, in the United States District Court for the Northern District of California in *David J. Nelson v. Robert David Neal*, No. 4:C 09-5162 PJH. A ruling pertinent to the claims in this case was issued by Judge Hamilton on October 11, 2011. That ruling acted on a post-judgment motion for evidentiary hearing and explains;

> Having reviewed the record and the orders of the District Court for the Southern District of Indiana in the matters to which Plaintiff refers, the court determines that Mr. Nelson may be the same person as defendant Robert David Neal, and that Mr. Nelson, or Mr. Neal, did not disclose to the court that he was in custody at the time he sought judgment from this court, or that he was referring to himself as "Chattel." Notwithstanding these indications that the judgment in favor of Mr. Nelson and against his alias, Mr. Neal, was entered as a result of fraud upon the court, the judgment, even if valid, would not be binding upon any parties other than Mr. Nelson or Mr. Neal and would not result in Mr. Nelson or Mr. Neal's release on the ground that he is "chattel." To the extent that Mr. Nelson or Mr. Neal seeks release from federal custody, he must do so pursuant to the procedures governing habeas corpus relief.

The Court is entitled to take judicial notice of the foregoing ruling, *see In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994), and does so. In order that this may be clear, the Order referred to above shall be

**separately entered on the docket** in this case and a copy of such Order shall be included with the plaintiff's copy of this Entry.

The language quoted above appears to establish without doubt that no contract issued in or based on proceedings in *David J. Nelson v. Robert David Neal*, No. C 09-5162 PJH can be thought valid.

### F.

The relief sought by the plaintiff is barred by his prior actions for habeas corpus relief, *Nelson v. Warden Lockett,* No. 1:11-cv-415- TWP-TAB (S.D.Ind. July 21, 2011); *Robert David Neal v. Tereser Banks and Harley Lappins*, No. CV 10-5213 DSF(JC)  (C.D.Calif. Sept. 13, 2010), and by his prior action for mandamus relief. *Nelson v. Briggs,* No. 1:11-cv-558-JMS-MJD (S.D.Ind. July 26, 2011)("Neal is knocking at the wrong judicial door. He was not entitled to secure his release in No. 1:11-mc-12-TWP-TAB. He was not entitled to habeas corpus relief in No. 1:11-cv-415-TWP-TAB. He was not entitled to mandamus relief in this action.").

The habeas and mandamus actions just referenced are conclusive as to any claim Neal may have regarding the validity of his continued custody by the BOP. Any claims otherwise, including the claims evidently asserted in this case, are therefore barred by collateral estoppel. *See Kulak v. City of New York,* 88 F.3d 63, 71–72 (2d Cir. 1996) (barring re-litigation in 42 U.S.C. § 1983 action of issues previously litigated and lost in state habeas corpus proceeding); *Sun v. United States,* No. 93–1399, 20 F.3d 1169, 1994 WL 144643, *2 (5th Cir. 1994)(FTCA claims identical to claims decided on the merits in habeas proceeding barred by collateral estoppel); *Menillo v. U.S. Dep't of Justice Bureau of Prisons,* 411 F.Supp.2d 130 (D.Conn. 2006) (barring re-litigation in *Bivens* action claims previously litigated and lost in federal habeas corpus proceeding). It was also aptly noted in the habeas action in the Central District of

California, No. CV 10-5213 DSF(JC), that "to the extent petitioner suggests that the Amended Judgment in [*David J. Nelson v. Robert David Neal*, No. 4:C 09-5162 PJH] requires respondents to release petitioner from federal custody because his person is encompassed by the term Chattel, petitioner's claim is frivolous and does not merit relief or further consideration or discussion."

### III.

### A.

In summary, as to the claims which are dismissed:

1. Any claim in this action pursuant to the FTCA which asserts a "tort" violative of the plaintiff's constitutional rights is dismissed.

2. Any claim asserted in this action based on an alleged breach of contract is dismissed.

3. Any claim asserted in this action based on allegations which stand in contradiction to the habeas and mandamus actions referenced above is dismissed.

### B.

No partial final judgment shall issue at this time as to the claims dismissed in Part III.A. of this Entry.

### C.

If the plaintiff intends to assert claims not dismissed in Part III.A. of this Entry or in the Entry of July 9, 2013, he may assert such claims in an amended complaint. Any such amended complaint shall be filed no later than August 13, 2013, and shall conform to the following guidelines:

! The amended complaint shall comply with the requirement of Rule 8(a)(2) that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief;

! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

! The amended complaint must identify what legal injury he claims to have suffered.

If no amended complaint is filed as permitted above, the action will be dismissed consistent with the dismissal of the complaint in Part III.A. of this Entry.

IT IS SO ORDERED.

Date: 08/05/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert David Neal, #15151-180, Terre Haute USP, P.O. Box 33, Terre Haute, IN 47808